1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FERNANDO ARANDA,

11              Plaintiff,                No. CIV S-07-2211 FCD DAD P

12        vs.

13   ELIZABETH MEYERS,et al.,             ORDER AND

14              Defendants.               FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $0.75 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11 U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19         A claim should be dismissed for failure to state a claim upon which relief may be

20 granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the

21 claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

22 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

23 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

24 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,

25 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable

26 /////

1   to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.

2   411, 421 (1969).

3          Plaintiff is incarcerated at Mule Creek State Prison.  In his complaint he alleges

4   that defendant Detective Elizabeth Meyers of the Los Angeles Sheriff's Department and Doe

5   defendants employed by the California Department of Corrections and Rehabilitation have

6   conspired to "target" plaintiff and have "engaged in observing and monitoring plaintiff via

7   computer/security system that includes electronic transmitters, speakers and video cameras

8   installed throughout prison structure, collaborating with prison inmates and correctional

9   officers."  (Compl. at 5.)[1]  Plaintiff raised this same claim in a complaint filed on April 30, 2007

10  in Aranda v. Meyers, et al., CIV S-07-0805 MCE DAD P.  That action was dismissed January

11  11, 2008 because plaintiff failed to state a cognizable conspiracy claim.

12         Plaintiff has previously been informed that in order to establish the existence of a

13  conspiracy, he must allege facts demonstrating that there was an agreement between defendants

14  to violate his constitutional rights.  See Woodrum v. Woodward County, 866 F.2d 1121, 1126

15  (9th Cir. 1989); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  To state a cognizable

16  conspiracy claim the complaint must also allege facts demonstrating that each participant in the

17  alleged conspiracy shared the general conspiratorial objective.  See Fonda, 707 F.2d at 438; see

18  also Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).   Plaintiff has not cured the

19  deficiencies in his complaint in this action.  As in his prior civil rights action, plaintiff has failed

20  to provide sufficient factual allegations demonstrating the existence of an agreement among the

21  named defendants and that he has suffered an actual deprivation of his constitutional rights as a

22  result of the alleged conspiracy.  Woodrum, 866 F.2d at 1126.  Therefore, plaintiff's conspiracy

23  claim concerning defendant Meyers should be dismissed.

24  _____

25         [1] Plaintiff has not consecutively numbered the pages of his complaint.  Therefore, in
    referring to his complaint the court has used the page numbers from the court's electronic filing

26  system.

1   Plaintiff also claims that defendants correctional officers Vandusseldorp, Casey,

2   Scioluna, Larusso, and Miner have conspired to engage other prison inmates in the "monitoring

3   and observing [of] plaintiff by promoting, facilitating, commanding, requesting, encouraging,

4   provoking and/or aided and abetted such others to commit crime(s)." (Compl. at 5-6.) Although

5   these allegations are disjointed and, at times, difficult to comprehend, it appears that plaintiff

6   believes that as a result of a conspiracy, inmates have been used to threaten plaintiff, to poison

7   his coffee, and to falsely accuse him of being a child molester. (Id. at 6-13.) As in his other civil

8   rights action filed in this court and referred to above, the court finds that plaintiff is "postulating

9   events and circumstances of a wholly fanciful kind." Franklin, 745 F.2d at 1228. In addition,

10  plaintiff has not provided factual allegations demonstrating the existence of an agreement among

11  the named defendants, or that those defendants encouraged or used other inmates to violate

12  plaintiff's constitutional rights. Lastly, the objective of the conspiracy, which plaintiff contends

13  was to monitor and observe him, fails to state an unlawful objective which violates plaintiff's

14  constitutional rights.

15          The court notes that in his complaint plaintiff has referred to the "doctrine of

16  pendent jurisdiction" without further explanation regarding any claims based on state law that he

17  is attempting to pursue. (Compl. at 17.) To the extent that plaintiff may be seeking relief based

18  on state law, the district court may decline to exercise supplemental jurisdiction over a claim "if

19  the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

20  1367(c)(3). See also Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999), cert. denied, 528

21  U.S. 1154 (2000) (citing Fang v. United States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight

22  v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995)). If these findings and recommendations are

23  adopted, the federal claims over which this court has original jurisdiction  will be dismissed and

24  thus the balance of relevant factors points toward declining to exercise jurisdiction over any

25  remaining state law claims. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th

26  Cir. 1994); Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992).

1  Therefore, the undersigned will also recommend that plaintiff's state law claim be dismissed

2  without prejudice to its refiling in state court.

3         Accordingly, IT IS HEREBY ORDERED that:

4         1.  Plaintiff's October 17, 2007 application to proceed in forma pauperis is

5  granted.

6         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7  Plaintiff is assessed an initial partial filing fee of $0.75.  All fees shall be collected and paid in

8  accordance with this court's order to the Director of the California Department of Corrections

9  and Rehabilitation filed concurrently herewith.

10        Also, IT IS HEREBY RECOMMENDED that:

11        1.  The complaint be dismissed for failure to state a cognizable claim;

12        2.  This action be dismissed; and

13        3.  Plaintiff's state law claim be dismissed without prejudice to its refiling in state

14  court.

15        These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, plaintiff may file written

18  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

21  F.2d 1153 (9th Cir. 1991).

22  DATED: October 7, 2008.

23

24  _____

25  DAD:4                          DALE A. DROZD
    ara2211.56                     UNITED STATES MAGISTRATE JUDGE

26